FILED

OCT 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERARDO GRADILLAS, | No. 09-56233 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-02238-JVS-CT |
| v. | |
| MARTIN BITER, Acting Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted October 12, 2012[**]
Pasadena, California

Before: KLEINFELD and McKEOWN, Circuit Judges, and QUIST, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for Western Michigan, sitting by designation.

Gerardo Gradillas appeals from the district court's decision denying his petition for a writ of habeas corpus. Reviewing de novo, we affirm.

Gradillas argues that the trial court erred by not instructing the jury sua sponte on transferred self defense and that his trial counsel provided ineffective assistance by failing to request a jury instruction on transferred self defense. On direct review, the California Court of Appeal determined that the "jury was properly instructed," "counsel raised the self-defense issue in closing argument," and there was "no reasonable probability the result would have been more favorable to appellant had additional instructions been given or arguments raised." The California Supreme Court denied Gradillas's petition for review.

Gradillas petitioned for a writ of habeas corpus under 28 U.S.C. § 2254 (as amended by the Antiterrorism and Effective Death Penalty Act of 1996). The district court properly determined that the California Court of Appeal "did not commit constitutional error in concluding that [Gradillas] received a fair trial in spite of the lack of a transferred self-defense instruction" and that Gradillas could not establish deficient performance and prejudice under *Strickland*. Gradillas has failed to show that the state court's decision was "contrary to" or an "unreasonable application" of clearly established Supreme Court precedent or that it was "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

**AFFIRMED.**